IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )| |
|                              )| Case No. 8:09CR3 |
|     Plaintiff,      )| |
|                              )| |
| vs.                          )| |
|                              )| ORDER |
| ANTONIO FRAUSTO,             )| |
|                              )| |
|     Defendant.      )| |

      This matter is before the court on the defendant Antonio Frausto's Motion for Disclosure of Confidential Informant (#45).  Hearing on the motion was held on March 6, 2009 and the court took the matter under advisement.

      The government, in its Response to Defendant's Motion for Disclosure of Confidential Informant (#61), admitted as they did at the hearing, that it is "very probable that the confidential informant, who arranged the drug transactions which are the subjects of Counts II and III of the indictment, will be called as a witness at the trial of the case." However, the government and the defendant differ as to the timing of the pretrial disclosure of the identity of the confidential informant.  After considering the defendant's motion, the government's response, and the comments of counsel made at the hearing, I find that the government must provide the identity of the confidential informant, along with any information that may be used by the defendant to impeach the testimony of the informant, including criminal histories, copies of his/her statements, and any promises or consideration paid or inducements offered to the informant in exchange for cooperation and testimony. This ruling also mandates the disclosure by the government of any <u>Brady</u> or <u>Giglio</u>

information. The above information shall be disclosed to the defendant not later than ten (10) business days prior to the date set for trial.

**IT IS ORDERED:** Defendant's Motion for Disclosure of Confidential Informant (#45) is granted as set out above.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

Dated this 10th day of March 2009.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge