IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR3 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ANTONIO FRAUSTO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     This matter is before the court on defendant's motion to compel, Filing No. 94. Defendant requests that this court give him additional information including the address, Social Security number, date of birth, and previous names used for the confidential informant in this case. The magistrate judge previously entered an order granting defendant's motion for disclosure of the name and any information that could be used to impeach, including criminal histories, statements, promises made or consideration or inducements offered in exchange for the testimony of the confidential informant, as well as *Brady* or *Giglio* information. Filing No. 66.

     This court held a hearing on June 11, 2009, regarding defendant's motion to compel and other pretrial matters. The government represented that it had produced all items in its possession to the defendant. However, the government objected to the request by defendant that it produce the above identifying information of the confidential informant. Defendant requests this information so he can further identify the cooperating witness, stating he wants to do his own background investigation regarding the witness. The court finds defendant has been provided sufficient identifying information to do a background check on the witness. The defendant is entitled to obtain prior convictions, alias names

for those convictions, the location of the convictions, and the sentence for those convictions. The court has found no authority, and the defendant cites none, indicating that defendant is entitled to the date of birth, address, or Social Security number of the cooperating witness.

> The court weighs the defendant's right to information against the government's privilege to withhold the identity of its confidential informants. *United States v. Bourbon*, 819 F.2d 856, 859-60 (8th Cir.1987). A defendant bears the burden of demonstrating that disclosure is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial. *United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir.1992); *Bourbon*, 819 F.2d at 860.

*United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). *See also, United States v. Jackson*, 345 F.3d 59,70 (2nd Cir. 2003) ("As this court has explained, *Roviaro* [*Roviaro v. United States*, 353 U.S. 53 (1957)] requires no more than disclosure of the informant's identity . . . ."). The defendant has been provided with sufficient information and has made no additional showing that disclosure of such personal and private information is necessary to ensure a fair trial.

THEREFORE, IT IS ORDERED that defendant's motion to compel, Filing No. 94, is granted in part and denied in part as stated on the record and as set forth herein.

DATED this 12th day of June, 2009.

         BY THE COURT:


         s/ Joseph F. Bataillon
         Chief United States District Judge