IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ANTONIO FRAUSTO,<br><br>                    Defendant. | **8:09CR3**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to vacate pursuant to 28 U.S.C. § 2255.  Filing No. 226.  The court initially reviewed the motion to vacate and concluded the government should file a response.  Filing No. 232.  The government has since answered.  Filing No. 235.  The defendant was convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  He received a sentence of 240 months.

In his motion defendant contends that (1) he did not knowingly and voluntarily enter a guilty plea, due to misrepresentations by his attorney about whether defendant's nephew could testify; (2) his attorney was ineffective for failing to obtain a spectrographic voice identification to show that he was not the person who conducted a drug deal with the confidential informant; (3) his appellate attorney was ineffective on direct appeal; and (4) the evidence shows he did not qualify for a leadership role enhancement.

**DISCUSSION**

### A.  The Law

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or

. . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)).   Ineffective assistance of counsel issues are appropriately raised in collateral proceedings.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).   The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process.  *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).   Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right.  *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963) (trial); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal as of right).   The right to counsel includes the right to reasonably effective counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, — F.3d —, —, 2010 WL 1236310, *5 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place."  *Id.*; *Bobby v. Van Hook*, — U.S. —, —, 130 S. Ct. 13, 16

2

(Nov. 9, 2009) (per curiam).  We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.  The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct.  *King*, 595 F.3d at 852.

Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.  *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010).  The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'"  *Id.* (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)).  Also, counsel is not necessarily ineffective for failing to raise an argument that may have had merit but was a wholly novel claim at the time. *Id.* at 853; *Alaniz*, 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal).

To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different."  *Christenson v. Ault*, — F.3d —, —, 2010 WL 1038732, *4 (8th Cir. Mar. 23, 2010).  In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence.  *King*, 595 F.3d at 852-53.  "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland*."  *Alaniz*, 351 F.3d at 368; *see also United States v. Spigner,* 416

3

F.3d 708, 711 (8th Cir. 2005); *King*, 595 F.3d at 853-54.  A petitioner is entitled to relief under § 2255 if an error by appellate counsel costs a defendant the opportunity to present a meritorious argument on direct appeal.  *King*, 595 F.3d at 853 (involving plain error in the dismissal of a direct appeal on the basis of an unenforceable appeal waiver).

### B.  Spectrographic Voice Identification/Testimony of Jose Frausto Diaz

Defendant first argues that he received ineffective assistance from attorney Carlos Monzon for giving him erroneous advice about the ability of Jose Frausto-Diaz (defendant's nephew) to testify at a trial.  The court might find that troublesome, but for the fact that at sentencing defendant's nephew did in fact testify that the voice heard on the recordings at issue in this case is the voice of the defendant.  Filing No. 211, Tr., 182:19-183:25.  Defendant's nephew testified fully at the sentencing and that evidence was before this court.  Further, on appeal the Eighth Circuit found:

> Frausto first argues that the district court procedurally erred by imposing a two-level enhancement for his role in the offense "based on the clearly erroneous fact that Appellant was the speaker in the recorded phone calls."  Frausto, however, ignores the testimony of DEA Agent Dustin Wernli—who recorded a number of the conversations between the confidential source and Frausto and testified as to the authenticity of the recordings and translations—and the testimony of Jose Rigoberto Frausto-Diaz, Frausto's nephew and one of his two-co-conspirators—who identified Frausto as a speaker on the recordings.  Additionally, a search of Frausto's cell phone revealed two phone numbers used by Agent Wernli and the confidential source programmed into the phone's directory.  As such, the district court did not clearly err when it determined that Frausto was a speaker on the taped telephone conversations.

*United States v. Frausto*, 636 F.3d 992, 995 (8th Cir. 2011).  Accordingly, the court finds this argument to be without merit.  Defendant has made no showing of deficient performance or prejudice, nor has he made a credible argument that the outcome of his

4

case would have been different.  For the same reasons, the court finds there was no need to obtain a spectrographic voice identification.  Thus, the court finds counsel was not ineffective on either of these two issues.

### C.  Ford Focus

Defendant also alleges that counsel Carlos Monzon was ineffective because Mr. Monzon told him that the investigators said the black 2001 Ford Focus involved in the drug deals belonged to the defendant.  Defendant, following his sentencing, obtained a copy of the report which he argues shows that another drug dealer owned the vehicle. Even if true, the court finds it does not rise to the level of prejudice nor does it change the outcome in the case.  During the plea colloquy, counsel for the government summarized the facts which included investigative agents observing defendant arriving in this vehicle.  Defendant did not dispute this fact.  Further, establishment of ownership of the vehicle would not have changed the outcome of this case.  Accordingly, the court finds there is no ineffective assistance as to this claim.

### D.  Leadership Enhancement

Defendant contends that his appellate counsel, Philippe Martinet, erred in not fully arguing that the leadership enhancement was erroneously applied to him.  It is clear from reading the Eighth Circuit opinion that Mr. Martinet did in fact argue the issue of a leadership enhancement.  Basically, defendant is rearguing that the evidence was insufficient to support such an enhancement.  The Eighth Circuit found that the taped conversation showed that defendant twice planned and organized delivery of methamphetamine.  The Eighth Circuit further concluded that this court did not err in finding defendant qualified as a leader.  The court finds that counsel was not ineffective

5

in this regard.   There is no showing that counsel's assistance fell below traditional standards, nor is there a showing that the outcome would have been different if counsel had more fully made this argument.

### E.  Ineffective Appellate Counsel

On appeal Mr. Martinet apparently incorrectly cited facts to the Eighth Circuit. For example, Mr. Martinet stated that this court made a factual finding that defendant possessed a 9mm weapon and that the judge granted a four-level enhancement based on that finding.   He further stated that this court found defendant had substantial participation in the offense.  See Filing No. 227, at 15, 25 and 26.  Although it appears that Mr. Martinet did in fact argue incorrect facts, which this court does not condone, it likewise appears the Eighth Circuit noted this court did not apply a dangerous weapon enhancement and did in fact reduce defendant's offense level by two for acceptance of responsibility.  Accordingly, the court finds there is no showing of ineffective counsel in this regard, and there is no showing that absent these mistaken facts that the outcome would have been different on this issue.  See *King*, 595 F.3d at 853.

Defendant next argues that there is a sentence disparity between his codefendants and him.  The Eighth Circuit found that the defendant made no arguments in support of this claim, and thus the claim was waived.  However, the Eighth Circuit also determined that this court had a basis to determine the defendant was the organizer of this conspiracy.  The court further found that defendant is not similarly situated to his co-conspirators.  Again, assuming for the sake of argument that counsel should have developed this issue on appeal, defendant makes no showing that the outcome would likely have changed.  This court concluded that defendant was a leader.

This court concluded that defendant was guilty.  This court determined the quantity of methamphetamine involved in this case.  This court found differences between the defendant and the co-conspirators that justified a difference in sentences.  As a result, even if counsel had fully developed the record in this regard, defendant has not shown that it would likely have changed the outcome of his sentence.  Accordingly, the court finds no prejudice in this regard.

THEREFORE, IT IS ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 226, is denied.  A Judgment will be entered in conjunction with this Memorandum and Order.

Dated this 8th day of January, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge